UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARNELL DAMON KELLY,

                              Plaintiff,        **1:15-cv-00960-MAT**

                                                          **DECISION AND ORDER**

             -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                              Defendant.

---

## I. INTRODUCTION

Represented by counsel, Darnell Damon Kelly ("Plaintiff") has brought this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying his application for supplemental security income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. PROCEDURAL BACKGROUND

On October 25, 2012, Plaintiff protectively filed an application for SSI, alleging disability beginning October 27, 2007. Administrative Transcript ("T.") 130-35. Plaintiff's application was initially denied and he timely requested a hearing, which was held before administrative law judge ("ALJ") David S. Lewandowski on March 3, 2014. T. 26-47. At the hearing, Plaintiff amended his alleged onset date to October 25, 2012. T. 27. On July 25, 2014, the ALJ issued an unfavorable decision. T. 11-18. Plaintiff's request for review was denied by the Appeals Council on July 25, 2014, making the ALJ's decision the final decision of the Commissioner. T. 1-7. Plaintiff then timely commenced this action.

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from October 25, 2012, the application date. T. 13.

At step two, the ALJ determined that Plaintiff had the severe impairments of annular bulging and neural foraminal narrowing of the lumbar spine. *Id.* At step three, the ALJ considered Plaintiff's impairments and found that, singly or in combination, they did not meet or medically equal the severity of a listed impairment. *Id.* In particular, the ALJ considered Listing 1.04 (disorders of the spine) in reaching this determination. *Id.*

Prior to proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 416.967(a), with the following additional limitations: can occasionally operate foot controls; can occasionally perform postural activities; cannot climb ladders, ropes, or scaffolds; must be allowed to change position from sitting to standing every 30-45 minutes. T. 13-14.

At step four, the ALJ determined that Plaintiff had no past relevant work. T. 17. At step five, the ALJ relied on a vocational expert's testimony to find that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including callout operator, telephone solicitor, and charge account clerk. T. 17-18. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 18.

**IV. DISCUSSION**

**A. Scope of Review**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada*

*v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence, because (1) the ALJ failed to properly evaluate the opinions of treating neurosurgeon Dr. P. Jeffrey Lewis, and (2) the ALJ mischaracterized the medical evidence of record. For the reasons set forth below, the Court finds these arguments without merit.

**B. Assessment of Dr. Lewis' Opinions**

Plaintiff's first argument is that the ALJ erred in his treatment of Dr. Lewis' opinions. Dr. Lewis, Plaintiff's treating neurosurgeon, stated in his office notes on several occasions that Plaintiff had a "temporary impairment" level of "100%." *See* T. 279, 284, 287, and 290. In his decision, the ALJ gave "no weight" to "Dr. Lewis's assessments of 100% temporary impairment" (T. 15), explaining that (1) the ultimate issue of disability is reserved to the Commissioner, (2) Dr. Lewis did not provide any specific work limitations, and (3) Dr. Lewis' assessments were not supported by contemporaneous objective medical findings. *Id*.

Under the Commissioner's regulations in place at the time the ALJ issued his decision, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6).

-5-

In this case, the Court finds that the ALJ properly explained his reasons for affording no weight to Dr. Lewis' opinions. The only opinions offered by Dr. Lewis were conclusory opinions as to the ultimate issue of whether Plaintiff was disabled. However, a medical source's opinion that a claimant is totally disabled "is not entitled to any weight, since the ultimate issue of disability is reserved for the Commissioner." *Taylor v. Barnhart*, 83 F. App'x 347, 349 (2d Cir. 2003); *see also* Social Security Ruling ("SSR") 96-5p (July 2, 1996) ("treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance").[2]

It was also appropriate for the ALJ to note that Dr. Lewis' opinions were conclusory. Courts in this Circuit have consistently held that "lack of supporting detail and/or objective findings provides a ... reason for affording [an] opinion less weight." *Wright v. Colvin*, 2013 WL 3777187, at *15 (N.D.N.Y. July 17, 2013) (citing 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3)) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Here, Dr. Lewis repeatedly opined without elaboration that Plaintiff had a 100% temporary impairment. Without additional

---

[2] SSR 96-5p was rescinded effective March 28, 2017, but was applicable at the time of the ALJ's decision in this case.

detail, these opinions were clearly of little use in formulating an RFC finding.

Plaintiff contends that the ALJ was obligated to recontact Dr. Lewis for additional clarification, but this argument lacks merit. "[T]here is no duty to re-contact a treating physician to obtain a function-by-function analysis of [p]laintiff's impairments where consultative physicians assess a plaintiff's functional limitations and provide an opinion on them." *Sink v. Colvin*, No. 1:12-CV-00239 JJM, 2015 WL 3604655, at *17 (W.D.N.Y. June 8, 2015) (internal quotation omitted). "Additionally, even where a treating physician does not provide a specific function-by-function assessment, where the record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate." *Id*. (internal quotation omitted). In this case, consultative physician Dr. John Schwab examined Plaintiff on December 11, 2012, and assessed Plaintiff's functional limitations. T. 401-404. Dr. Schwab opined that Plaintiff had a mild to moderate restriction for bending, lifting, and carrying, and no other restrictions. T. 403.
Moreover, the record in this case was extensive, and contained more than sufficient information to support an informed RFC finding by the ALJ. Accordingly, the ALJ was not required to recontact Dr. Lewis. *See Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (ALJ was not required to request formal opinions on

RFC from treating physicians where the medical record "was adequate to permit an informed finding by the ALJ").

**C. The ALJ did not Mischaracterize the Medical Evidence of Record**

Plaintiff next argues that the ALJ mischaracterized the medical evidence of record, resulting in a finding unsupported by substantial evidence. In particular, Plaintiff contends that (1) the ALJ mischaracterized the treatment notes and disability assessment of treating pain management physician Dr. Ashraf Henry and (2) the ALJ mischaracterized the severity of the diagnostic imaging of record. The Court finds these arguments without merit.

Turning first to Dr. Henry's treatment notes, Plaintiff claims that the ALJ improperly "diminish[ed]" Dr. Henry's examination findings because Dr. Henry had observed that Plaintiff's pain was "well controlled" by his medications. T. 9-1 at 20. A review of the ALJ's decision, however, does not support Plaintiff's contention. The ALJ did indeed note that Dr. Henry had observed that Plaintiff's pain was well-controlled by medication (T. 15), but nowhere did he suggest that this observation undercut or diminished Dr. Henry's examination findings. To the contrary, the ALJ's RFC determination incorporates significant limitations related to Plaintiff's spinal impairments and associated pain. The ALJ limited Plaintiff to sedentary work, which by definition "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small

-8-

tools." 20 C.F.R. § 404.1567(a). The ALJ further found that Plaintiff had a limited ability to engage in postural activities and required a sit-stand option every 30-45 minutes. T. 13-14. Notably, Dr. Henry did not opine that Plaintiff was incapable of working. To the contrary, the treatment records indicate that Dr. Henry encouraged Plaintiff to look for work. T. 385-86. As such, it is clear that the ALJ did not discount the medical evidence related to Plaintiff's spinal impairments and associated pain, including Dr. Henry's examinations findings.

The ALJ also did not err in his consideration of Dr. Henry's alleged assessment that Plaintiff was 75% disabled. As the ALJ noted, Dr. Henry's treatment records state that his office "does not determine any degree of disability," but that Plaintiff had reported that his chiropractor had assessed him with a 75% permanent disability. T. 321-22, 376-77, 381, 386. As such, and contrary to Plaintiff's argument it was not speculative for the ALJ to conclude that the 75% disability assessment originated not with Dr. Henry, but with Plaintiff's chiropractor.

Moreover, the ALJ did not discount the 75% disability assessment solely because of its provenance. He also noted, as with Dr. Lewis' opinions, that the assessment was not entitled to weight because it was vague, not defined by work limitations, and related to the ultimate issue of disability, which is reserved to the Commissioner. T. 15. As discussed at length above, these are

appropriate reasons for the ALJ to have afforded no weight to the 75% disability assessment.

Turning to the ALJ's discussion of the diagnostic imaging of record, in his assessment of Plaintiff's credibility, the ALJ stated that the imaging showed "less than impressive pathology at L4-5 and L5-S1," noting that "the annular bulge at L5-S1 was termed mild, as were the neuroforaminal narrowing at L4-5 and the recess narrowing at L5-S1." T. 16. Plaintiff maintains that this statement was "inappropriate" and represented the ALJ's insertion of his lay opinion over that of the medical experts. The Court disagrees.

In assessing a claimant's credibility, an ALJ is instructed to consider whether his subjective claims of pain are "consistent with the medical and other objective evidence," *Wells v. Colvin*, 87 F. Supp. 3d 421, 431 (W.D.N.Y. 2015), which is precisely what the ALJ here did. The ALJ did not rely on his lay opinion in assessing the imaging of record, but instead expressly relied on the fact that the reviewing physicians had classified the abnormalities as mild. T. 16. The Court thus does not find any error in the ALJ's discussion of Plaintiff's imaging results.

The ALJ's finding that Plaintiff was less than fully credible was also otherwise amply supported by the evidence of record. As the ALJ noted, Plaintiff was discharged from Dr. Henry's care because a toxicology screen revealed that he was not taking his pain medications as directed. T. 413. When the ALJ asked

Plaintiff to explain this discrepancy, he claimed that his medication had been stolen, but that he did not call the police. T. 33-34. As the ALJ explained in his decision, Plaintiff's explanation was not credible - Plaintiff testified that he was sure that his Tramadol had been stolen in November 2013, but Dr. Henry's notes indicated that he did not start prescribing Plaintiff Tramadol until December 2013. T. 16, 40-43. The ALJ further noted that it does not appear Plaintiff ever told Dr. Henry that his medication had been stolen. *Id*. The ALJ properly found that the inconsistencies in Plaintiff's story undercut his credibility. *See Torres v. Colvin*, No. 12 CIV. 6527 ALC SN, 2014 WL 4467805, at *23 (S.D.N.Y. Sept. 8, 2014) ("The inconsistencies between [the claimant's] oral testimony and the documentary record, as well as the internal inconsistencies in the documentary record, constitute substantial evidence supporting the ALJ's negative credibility determination.").

The ALJ also properly found that Plaintiff's refusal to consider recommended treatments weighed against his credibility. In particular, Plaintiff refused to consider recommended epidural steroid injections and did not follow Dr. Lewis' recommendation that he undergo surgery. An ALJ is "permitted to consider plaintiff's noncompliance with treatment as a factor weighing against [his] credibility." *Lasalle v. Colvin*, No. 14-CV-872-JTC, 2016 WL 420589, at *6 (W.D.N.Y. Feb. 4, 2016); *see also* 20 C.F.R.

§ 416.930(b) ("[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled").

In sum, the ALJ did not mischaracterize the medical of evidence of record in assessing Plaintiff's credibility, nor did he engage in impermissible "cherry-picking" to reach a desired result. Instead, his conclusions were well-supported by substantial evidence and therefore cannot be disturbed by this Court.

**V.   CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 13) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   February 23, 2018
         Rochester, New York